1
2
3
4
5

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

6
7
8

| | |
|---|---|
| WILLIE O'SHEA JENNINGS, | CASE NO. 07cv1929 BTM(WMc) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| BIMBO BAKERIES U.S.A., INC., | |
| Defendant. | |

9
10
11
12
13
14

Defendant Bimbo Bakeries U.S.A., Inc. ("Defendant") has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6).  For the reasons discussed below, Defendant's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff filed this action in the Superior Court of the State of California, County of San Diego.  Plaintiff's form Complaint indicates that the action is a personal injury action and prays for damages in the amount of $350,000.  Plaintiff did not check any of the boxes in the causes of action section of the Complaint.

Defendant removed this action on the basis of diversity jurisdiction on October 2, 2007.

## II. DISCUSSION

### A. Failure to State a Claim

Defendant moves to dismiss this action on the ground that Plaintiff has failed to state

1    a claim for relief.  The Court agrees.

2         A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted

3    only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to

4    support a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th

5    Cir. 1988).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's

6    complaint are taken as true and construed in the light most favorable to the plaintiff.  See

7    Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  The plaintiff is

8    required only to set forth a "short and plain statement" of the claim showing that plaintiff is

9    entitled to relief.  Conley v. Gibson, 355 U.S. 41, 47 (1957).

10        Although Plaintiff checked a box indicating the action was for "personal injury," Plaintiff

11   did not indicate what cause of action he was asserting and did not provide any facts

12   regarding the date or circumstances of the personal injury.  Therefore, Defendant's motion

13   to dismiss for failure to state a claim is granted.

14        Defendant makes the further argument that Plaintiff's claims are barred by the

15   exclusivity provisions of California's workers' compensation statutory scheme. However, due

16   to the lack of facts in the Complaint, there is no way for the Court to make the determination

17   that the alleged injury arose out of and in the course of Plaintiff's employment with

18   Defendant, as required by Cal. Lab. Code § 3600.  Therefore, the Court will grant Plaintiff

19   leave to file an amended complaint.

20

21   **B.  Insufficient Service**

22        Defendant also moves to dismiss the Complaint for insufficient service.  Plaintiff

23   attempted to serve the Complaint by dropping it off  at Defendant's Escondido bakery's front

24   desk in the presence of Human Resources Assistant, Judith Ramirez.  (Ramirez Decl. ¶¶ 2-

25   3.)  Ramirez works under the supervision of the Human Resources Manager and does not

26   have the authority to accept service on behalf of Defendant.  (Ramirez Decl. ¶ 2.)

27        The method of service used by Plaintiff does not comply with federal or California

28   procedure.  Under Fed. R. Civ. P. 4(h)(1), service may be effected on a corporation in the

1 manner prescribed by state law or by "delivering a copy of the summons and of the complaint

2 to an officer, a managing or general agent, or any other agent authorized by appointment or

3 by law to receive service of process and – if the agent is one authorized by statute and the

4 statute so requires – by also mailing a copy of each to the defendant . . . ." Under California

5 law, service may be effected on a corporation by delivering a copy of the summons and of

6 the complaint "[t]o the president or other head of the corporation, a vice president, a

7 secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a

8 person authorized by the corporation to receive service of process." Cal. Civ. P. Code §

9 416.10.

10        A general manager is someone who has "general direction and control of the business

11 of the corporation . . . he may do everything which the corporation could do in transaction of

12 its business." General Motors Corp. v. Superior Court, 15 Cal. App. 3d 81, 86 (1971)

13 (internal quotation marks omitted). Ramirez is not a general manager of Defendant, nor is

14 she authorized to accept service on behalf of Defendant. Therefore, Defendant was not

15 properly served, and the Court quashes the service.

16

17                        **III.  CONCLUSION**

18        For the reasons discussed above, Defendant's motion to dismiss is **GRANTED**.

19 Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended

20 complaint on or before **March 28, 2008**. Failure to do so will result in the closing of this case.

21      Furthermore, the Court **QUASHES** the service of the summons and Complaint on

22 Defendant. If Plaintiff chooses to file an amended complaint, Plaintiff must properly serve

23 the summons and amended complaint on Defendant.

24 **IT IS SO ORDERED.**

25

DATED: February 21, 2008

26

27                                     _____
                                       Honorable Barry Ted Moskowitz
28                                     United States District Judge


                                       3                              07cv1929 BTM(WMc)